IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
AT GREENBAY

| | | |
|---|---|---|
| WILBUR C. TRAFTON, | ) | NO. 08-C-0099 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ROCKETPLANE KISTLER, INC., | ) | |
| ROCKETPLANE LIMITED, INC., | ) | |
| ROCKETPLANE, INC., FRENCH | ) | |
| PROPERTIES L.L.C. AND GEORGE | ) | |
| D. FRENCH, JR., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| RANDOLPH H. BRINKLEY, | ) | NO. 08-C-0642 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ROCKETPLANE KISTLER, INC., | ) | |
| ROCKETPLANE LIMITED, INC., | ) | |
| ROCKETPLANE, INC., FRENCH | ) | |
| PROPERTIES L.L.C. AND GEORGE | ) | |
| D. FRENCH, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**CIVIL L.R. 7.4 EXPEDITED NONDISPOSITIVE MOTION FOR SANCTIONS
PURSUANT TO FED.R.CIV.P. 37(b)(2)**

PLEASE TAKE NOTICE that on a date and time to be determined by the Court, the above-named plaintiffs, by and through their attorney, The Rosen Law Firm, will

1

bring this Expedited Nondispositive Motion for Sanctions pursuant to Fed.R.Civ.P. 37(b)(2) before the Honorable William C. Griesbach, in his courtroom at the U.S. District Courthouse for the Eastern District of Wisconsin, Green Bay Division, located in Brown County, Wisconsin.

## MOTION

1. On January 14, 2009, the court issued an Order (Docket No. 28) compelling defendants to "serve meaningful and specific responses to the plaintiffs' interrogatories and requests by January 30, 2009." The court also ruled that any objections that the defendants had were waived because their response was not timely filed.

2. On January 30, 2009, defendants served supplemental responses to plaintiffs' first interrogatories and requests for production of documents. Rosen Declaration, ¶ 3, Exhibit 1. Defendants' answers to Interrogatory Nos. 6, 8-15, 17, and 19 and responses to Request for Production Nos. 3-5, 7-9, 11-14, and 16-18 fail to comply with the court's order. Moreover, almost every supplemental answer contains an attorney/client privilege or work product doctrine objection.

3. The only documents produced by defendants (other than corporate record books containing Articles of Incorporation, By-laws, some minutes, resolutions, stock transfers and the like) are their attorneys' files maintained in six or seven banker boxes.

2

4.      Counsel for the parties have emailed each other or spoken about these deficiencies but defendants are not willing to provide more meaningful or specific information.[1]  Rosen Declaration, ¶ 4, Exhibit 2.

5.      Plaintiffs have been conducting depositions consistent with the court's consolidation order.  They have been prejudiced by the failure of defendants to provide meaningful and specific answers as directed by the court.  Rosen Declaration, ¶ 7.

## ARGUMENT

This motion is being brought pursuant to Fed.R.Civ.P. 37(b).  The court could not have been clearer with regard to the need for meaningfulness and specificity.  While some of the sanctions are obviously more onerous than others, the court need not impose a lesser sanction prior to assessing one or more that are more harsh.  *Halas v. Consumer Services, Inc.*, 16 F.3d 161, 165 (7th Cir., 1994); *see also, Collins v. State of Illinois*, 554 F.3d 693, 696 (7th Cir., 2009) (". . . To dismiss a case as a sanction for discovery abuse the court must only find that the party's actions displayed willfulness, bad faith, or fault.").

Defendants' reliance on *State, et rel. Dudek v. Circuit Court for Milwaukee County*, 34 Wisc.2d 559, 150 N.W.2d 387 (Wisc. 1967), is misplaced.  Nowhere in *Dudek* does it say that the attorney/client privilege "cannot be waived" as claimed by defendants.  Rather, *Dudek* merely clarifies that an attorney cannot waive a discovery objection which is based on attorney/client privilege.  As the Wisconsin Supreme Court said in that case, "only the client can waive these objections."  *Id.* at 605.  This, of course, is exactly what has happened in this case where defendants waived all

---

[1] Counsel for defendants has stated on numerous occasions that she would be providing plaintiffs with a "privilege log" but as of this date has failed to do so.  Rosen Declaration, ¶ 5.

3

objections by not timely answering interrogatories and requests for production. Once waived, the attorney/client privilege cannot be reasserted. *United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir., 1987). *See also, Starlight International, Inc. v. Herlihy*, 181 FRD 494, 497 (D. Kan., 1998) ("A party may waive an objection, grounded in privilege, by untimely asserting it, under Fed.R.Civ.P. 33 and 34").

### RELIEF REQUESTED

The court has broad authority pursuant to Fed.R.Civ.P. 37(b)(2) to award sanctions. Plaintiffs propose that the sanctions include dismissal of defendants' affirmative defenses which are the subject of Interrogatory Nos. 12-16, 18, and 19 and for the payment of plaintiffs' fees for 7.5 hours, $3,375.00, at their attorneys' hourly rate of $450.00.[2] These sanctions are appropriate given defendants' actions which are the subject of this motion but are even more so when considered in conjunction with defendant French's failure to appear at his properly noted deposition on March 2 without any justification. Rosen Declaration, ¶ 8, Exhibit 3.

A proposed order is attached hereto.

Respectfully submitted this 25th day of March, 2009.

THE ROSEN LAW FIRM

By: _____
Jon Howard Rosen, WSBA #7543
Attorney for Plaintiffs Wilbur C. Trafton
and Randolph H. Brinkley
705 2nd Avenue, Suite 1200
Seattle, WA 98104-1798
(P) 206/652-1464
(F) 206/652-4161
jhr@jonrosenlaw.com

---

[2] The fees are based on Mr. Rosen's regular hourly rate as set forth in his declaration. Rosen Declaration, ¶ 9. Counsel's actual billing rate for comparable work is presumptively appropriate to use as the market rate in calculating the fee sanction. *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 909 (7th Cir., 2007).

4

DAVIS & KUELTHAU SC

By: _____
Kathy Nusslock, State Bar No. 1014027
Daniel L. Vliet, State Bar No. 1010154
Davis & Kuelthau, s.c.
Attorneys for Plaintiffs Wilbur C. Trafton
and Randolph H. Brinkley
111 East Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202
(P) 414/225-1447 (Nusslock)
(P) 414/225-1422 (Vliet)
(F) 414/278-3647 (Nusslock)
(F) 414/278-3622 (Vliet)
knusslock@dkattorneys.com
dvliet@dkattorneys.com

5