IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
AT GREENBAY

| | | |
|---|---|---|
| WILBUR C. TRAFTON, | ) | NO. 08-C-0099 |
| Plaintiff, | ) | |
| v. | ) | |
| ROCKETPLANE KISTLER, INC., ROCKETPLANE LIMITED, INC., ROCKETPLANE, INC., FRENCH PROPERTIES L.L.C. AND GEORGE D. FRENCH, JR., | ) | |
| Defendants. | ) | |
| RANDOLPH H. BRINKLEY, | ) | NO. 08-C-0642 |
| Plaintiff, | ) | |
| v. | ) | |
| ROCKETPLANE KISTLER, INC., ROCKETPLANE LIMITED, INC., ROCKETPLANE, INC., FRENCH PROPERTIES L.L.C. AND GEORGE D. FRENCH, JR., | ) | |
| Defendants. | ) | |

### DECLARATION OF JON HOWARD ROSEN

Jon Howard Rosen declares:

1. I am the attorney for plaintiff herein and make this declaration based on my personal knowledge.

1

2. On January 14, 2009, the court issued an Order (Docket No. 28) compelling defendants to "serve meaningful and specific responses to the plaintiffs' interrogatories and requests by January 30, 2009." The court also ruled that any objections that the defendants had were waived because their response was not timely filed.

3. On January 30, 2009, defendants served supplemental responses to plaintiffs' first interrogatories and requests for production of documents. A copy of defendants' supplemental responses is attached hereto as Exhibit 1. Despite the court's order directing defendants to provide "meaningful and specific" answers and responses, defendants' answers to Interrogatory Nos. 6, 8-15, 17, and 19 and responses to Request for Production Nos. 3-5, 7-9, 11-14, and 16-18 fail to comply with the court's order. Moreover, almost every supplemental answers contains an attorney/client or work product privilege objection despite the court's specific holding that objections had been waived.

4. Counsel for the parties have emailed each other or spoken about these deficiencies but defendants are not willing to provide more meaningful or specific information. Exhibit 2.

5. Counsel for defendants has stated on numerous occasions that she would be providing plaintiffs with a "privilege log" but as of this date has failed to do so.

6. The only documents produced by defendants (other than corporate record books containing Articles of Incorporation, By-laws, some minutes, resolutions, stock transfers and the like) are their attorneys' files maintained in six or seven banker boxes. Exhibit 3.

2

7. Plaintiffs have been conducting depositions consistent with the court's consolidation order and have been prejudiced by the failure of defendants to provide meaningful and specific answers as directed by the court and to continue to log objections despite the court's clear ruling that objections had been waived.

8. Moreover, defendant French failed to appear, without any justification, at his properly noted deposition. Exhibit 4.

9. I have spent 7.5 hours communicating with defendants' counsel on this matter, keeping my clients informed, conducting legal research, and preparing the motion papers filed herewith. This time will increase somewhat as this motion progresses. My regular hourly rate is $450.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted this 25th day of March, 2009.

By: _____
Jon Howard Rosen, WSBA #7543
Attorney for Plaintiffs Wilbur C. Trafton
and Randolph H. Brinkley
705 2nd Avenue, Suite 1200
Seattle, WA 98104-1798
(P) 206/652-1464
(F) 206/652-4161
jhr@jonrosenlaw.com