UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILBUR C. TRAFTON,

    Plaintiff,

v.                                            Case No. 08-C-99

ROCKETPLANE KISTLER, INC., et al.,

    Defendants.

**ORDER**

Plaintiff has filed a motion for sanctions based on the Defendants' alleged failure to provide complete, responsive answers to interrogatories and to produce all documents responsive to his requests for production. This Court granted a previous motion to compel after finding the Defendants' interrogatory responses to be in the nature of unresponsive boilerplate. The present motion for sanctions is based largely on the Defendants' failure to disclose or produce certain records, as well as the Defendants' continued invocation of various privileges that this Court has already found waived.

The case involves two plaintiffs' allegations that their employment contracts with one or more of the Defendant entities entitle them to receive severance and other payments resulting from the end of their employment relationships. Plaintiffs assert that documents exist that have not been produced (or have only been produced *after* the present motion was filed) and that they were therefore denied the opportunity to question several of the Defendants' witnesses about these documents during their depositions. Plaintiffs further assert that the Defendants' responses to their

interrogatories continue to obfuscate matters by virtue of their multiple objections and their vexatiously legalese tone.

This latter quibble is hard to deny. For example, Defendants' response to Interrogatory No. 6 cites multiple objections and then rattles off a few turgid run-on sentences that would cause a high school English teacher to blush. (Rosen Decl., Ex. 1 at 7-8.) This is especially troubling given that the response was the Defendants' *supplemental* response following this Court's order granting Plaintiffs' motion to compel. At this stage, however, with briefing on summary judgment in full swing, it is difficult to see how the Plaintiffs are prejudiced by the Defendants' interrogatory responses. I have reviewed the opening briefs supporting the cross-motions for summary judgment. Based on that review, it appears the two Plaintiffs have sufficient information at their disposal to support their arguments and, at the very least, to now comprehend the nature of the Defendants' positions. (I express no view at this stage on the merits of either side's case.)

But even if the Plaintiffs are not prejudiced in any aspect of their prosecution of the case, there is no reason they should be forced to bear the expenses their counsel incurred in trying to make sense of the Defendants' vexing discovery responses. Plaintiffs seek over $5,000 in sanctions to compensate them for their attorneys' efforts to address the problems in discovery. I conclude that an award of $2,500 will suffice to make them at least partially whole.[1]

The Plaintiffs also allege that several documents have not been disclosed and that their ability to take meaningful depositions was therefore compromised. Because the pending motions for summary judgment are not dispositive of all the claims in this case, it is possible that additional

---

[1] I do not doubt that counsel spent several hours on these matters, but the hourly rate is somewhat high ($450) for dealing with discovery disputes. (Rosen Decl., ¶ 9.) Moreover, as noted herein, the level of prejudice is as yet difficult to discern.

2

discovery and expense will be required. Although the Plaintiffs ask that late-produced documents be barred, I conclude that the better course is to allow any further discovery that might be required and to leave open the possibility that Plaintiffs' fees and expenses incurred in the taking of that additional discovery could be awarded. The docket reflects that the Defendants are represented by new counsel, and it is hoped that future efforts proceed more amicably than they have thus far.

The motion for sanctions is **GRANTED** in part: Defendants are to pay $2,500 to Plaintiffs as partial compensation for their responses to Plaintiffs' valid discovery requests.

**SO ORDERED** this   27th   day of July, 2009.

      s/ William C. Griesbach  
      William C. Griesbach  
      United States District Judge